UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER L. TOBIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C06-5630-RJB <br><br> ORDER DENYING MOTION TO STAY DISCOVERY |

 This matter comes before the Court on the Defendants' Motion and Memorandum in Support of Motion to Stay Discovery Pending Resolution of Defendant's Dispositive Motions Re: Jurisdiction, Failure to State a Claim, and Qualified Immunity. Dkt. 24-1. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

 On October 10, 2006, Plaintiffs filed a Complaint with the Superior Court of Washington for Pierce County. Dkt. 1-3, at 11. Plaintiffs allege that their son, Gabriel Tobin, exited his day care, walked through an unfenced yard to Lake Tapps, where he accidenty drowned. *Id.*, at 16. Plaintiffs allege, among other things, that Defendants acted negligently in licensing the day care facility. *Id.*, at 15-16. Plaintiffs further allege, under 42 U.S.C. § 1983, that Defendants violated Plaintiffs' civil rights of substantive due process guaranteed by the Fifth and Fourteenth Amendments. *Id.*, at 17.

 On October 27, 2006, Defendants removed the case to this Court. Dkt. 1. Plaintiffs filed

ORDER
Page 1

a Motion to Remand on November 22, 2006. Dkt. 10. This Court denied the Motion to Remand on December 19, 2006. Dkt. 17.

On March 21, 2007, Defendants filed the pending motion. Dkt. 24-1. Defendants ask this Court to stay discovery pending resolution of Defendants' summary judgment motion on qualified immunity. Dkt. 24-1, at 2. Defendants have not yet submitted a summary judgment motion, but anticipate submitting this summary judgment motion within approximately thirty days from March 21, 2007. *Id.* Defendants assert that a stay of discovery is appropriate because defendants who are found to have qualified immunity are entitled to immunity from suit, discovery, and other demands of litigation. *Id.*, at 4. Further, Defendants argue that Plaintiffs cannot articulate a constitutionally protected interests that was violated by Defendants, and "[g]iven the high probability that the defendants will prevail on the qualified immunity issue, it would be an injustice to allow defendants to undergo the burden of discovery prior to a ruling on the issue of immunity from suit." *Id.*, at 7.

On March 29, 2007, Plaintiffs submitted a response, arguing that a stay of discovery would be inappropriate. Dkt. 25. Plaintiffs argue that, "even when qualified immunity is at issue, it would be inappropriate for the District Court to deny Plaintiff's basic discovery when the vehicle of a summary judgment motion is utilized to raise such an issue." *Id.*, at 5. Further, Plaintiffs argue, even if this Court were to eventually grant Defendants' hypothetical summary judgment motion, the Plaintiffs' state negligence claims would still remain and discovery on those claims should continue. *Id.*

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. Rule Civ. P. 26(b)(1). A district court may limit discovery "for good cause," and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. Fed. Rule Civ. P. 26(c)(4); *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981).

The Defendants, as the moving party in this motion, have failed to show that "good cause" exists warranting a stay of discovery. As of the date of this order, Defendants indicate that they

1   intend to file their dispositive motion on qualified immunity within the next two weeks.

2   Continuing discovery for the next few weeks does not create an undue burden on Defendants.

3   Moreover, if Defendants choose to move for summary judgment based on qualified immunity, it

4   would be unjust to Plaintiffs for the Court to stay discovery, particularly on issues related to

5   qualified immunity.

6   Therefore, this Court hereby **ORDERS**:

7       (1)    The Defendants' Motion and Memorandum in Support of Motion to Stay Discovery Pending Resolution of Defendant's Dispositive Motions Re: Jurisdiction, Failure to State a Claim, and Qualified Immunity (Dkt. 24-1) is **DENIED**;

8       (2)    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of April, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page 3